Mr. Mark G. Goode Engineer-Director Department of Highways and Public Transportation P.O. Box 5075 Austin, Texas 78763
Re: Whether a community antenna or television service may be reimbursed under article 6674w, V.T.C.S., for the cost of relocation of its facilities where such relocation is necessitated by highway construction
Dear Mr. Goode:
You have asked the following question:
Can a person in the business of providing a community antenna or cable television service to the public be reimbursed under article 6674w-4, V.T.C.S., for the cost of adjustment or relocation of the facilities where such relocation or adjustment is necessitated by Interstate Highway construction when such person has no property interest in the existing location of such facilities?
Article 6674w-4 provides, in pertinent part:
 Whenever the relocation of any utility facilities is necessitated by the improvement of any highway in this State which has been or may hereafter be established by appropriate authority according to law as a part of the National System of Interstate and Defense Highways, including extensions thereof within urban areas, such relocation shall be made by the utility at the cost and expense of the State of Texas provided that such relocation is eligible for Federal participation.
The statute defines "utility" to include publicly, privately, and cooperatively owned utilities engaged in furnishing telephone, telegraph, communications, electric, gas, heating, water, railroad, storm sewer, sanitary sewer or pipeline service.
The relevant federal statute, 23 U.S.C. § 123, provides:
 (a) When a State shall pay for the cost of relocation of utility facilities necessitated by the construction of a project on the Federal-aid primary or secondary systems or on the Interstate System, including extensions thereof within urban areas, Federal funds may be used to reimburse the State for such cost in the same proportion as Federal funds are expended on the project. Federal funds shall not be used to reimburse the State under this section when the payment to the utility violates the law of the State or violates a legal contract between the utility and the State. Such reimbursement shall be made only after evidence satisfactory to the Secretary shall have been presented to him substantiating the fact that the State has paid such cost from its own funds with respect to Federal-aid highway projects for which Federal funds are obligated subsequent to April 16, 1958, for work, including relocation of utility facilities.
 (b) The term "utility", for the purposes of this section, shall include publicly, privately, and cooperatively owned utilities.
Thus, the federal statute apparently permits the states to determine which "utility" costs will be reimbursed. As a result, if a community antenna or cable television service engages in the business of "furnishing . . . communications . . . service," its cost of relocation may be reimbursed under article 6674w-4.
In our opinion, it is clear that a community antenna or cable television service engages in the business of "furnishing communications service." "Communication" is defined in article 9019, V.T.C.S., a statute which imposes penalties for interception of communication, as speech uttered by any person and any information including speech transmitted in whole or in part with the aid of wire or cable.
In Independent Theatre Owners v. Arkansas Public Service Comm'n,361 S.W.2d 642 (Ark. 1962), the court held that a television cable service provides a telephonic or telegraphic communication service. See Attorney General Opinion C-702 (1966). We conclude that a community antenna or cable television service engages in the business of furnishing communications service and thus, its cost of relocation may be reimbursed under article 6674w-4.
It has been suggested that Senate Bill No. 643, Acts 1983, Sixty-eighth Legislature, chapter 556, at 3234, requires a different result. We disagree. This bill requires a utility which damages a road to "bear the expense of repairing" it. It applies only to "unincorporated area[s] of the state" and to "state highway[s] or county road[s]." As to such highways, the person providing the utility service must "bear the cost of repairing a state highway or county road damaged by a relocation." Article 6674w-4, on the other hand, is applicable not to state highways, but only to those highways designated as part of the interstate highway system.
 SUMMARY
A person in the business of providing a community antenna or cable television service to the public may be reimbursed under article 6674w-4, V.T.C.S., for the cost of adjustment or relocation of the facilities where such relocation or adjustment is necessitated by interstate highway construction.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General